IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| RANDY CURTIS GARVICH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 3:20-CV-122 |
| v. | ) | |
| | ) | |
| State of Georgia, City of Peachtree City, | ) | |
| Chief Judge Clay Collins, Fayette | ) | |
| County, State Court of Fayette County | ) | |
| Judge Jason B. Thompson, Prosecutor | ) | |
| Joseph Myers, Clerk of Court Sheila | ) | |
| Studdard, Deputy Sheriff Kevin Zaj, | ) | |
| Deputy Sheriff Thomas Mindar, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

COMES NOW, the City of Peachtree City (the "City") and Chief Judge Clay

Collins ("Judge Collins"), and enter this Memorandum of Law in Support of

Motion to Dismiss the Complaint.

## STATEMENT OF FACTS

A review of Plaintiff's voluminous 33 page Complaint with attachments

finds very few facts and predominantly sets forth Plaintiff's version of various

cases and treatises.  What can be surmised from Plaintiff's Complaint as it pertains

to the City and Judge Collins is set forth on Page 25 of the Complaint, wherein

Plaintiff states:

"The **unheard case** involving Peachtree City for violations T38700306

and T38700307 is violating the same law(s) that Fayette County has already

violated and therefore will fall under the same code violations listed under

malicious prosecution."

(Emphasis added).  Plaintiff seems to be arguing in this Complaint that the City is

ignoring "preemption of constitutional law, and the right to travel by not for-hire

automobile which the State of Georgia has ignored allowing the police and court

officers to arbitrarily, erroneously, and unlawfully convert the right to a privilege."

Complaint, p. 25.

Finally, in his prayers for relief, Plaintiff "seeks financial compensation in

the sum of $1,000,000.00 per offense from Judge Collins for the pending

prosecution against Randy Curtis Garvich for the unlawful custodial arrest

perpetuated by office J. Orona badge # 1318."  Id., p. 34, ¶ 5.

## STANDARD FOR MOTION TO DISMISS

When ruling on a motion to dismiss, the court accepts the facts alleged in the

complaint as true, drawing all reasonable inferences in the plaintiff's favor.

Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).   To avoid dismissal,

the "complaint must contain sufficient factual matter…to state a claim to relief that

is plausible on its face."  Gates v. Khokhar, 884 F.3d, 1290, 1296 (11th Cir. 2018),

quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A complaint is plausible on

its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." <u>Gates</u> at 1296.

## <u>ARGUMENTS OF LAW AND CITATIONS TO AUTHORITY</u>

I.    **<u>Insufficiency of service of process; lack of personal jurisdiction</u>**.

Defendants City and Judge Collins raise a number of Rule 12 and other defenses to the Complaint.  As an initial matter, Plaintiff failed to serve either the City or Judge Collins in accordance with the Federal Rules of Civil Procedure. Under Rule 4(j)(2), Fed.R.Civ.Pro., local governments may be served by delivering a copy of the summons and complaint to the city's chief executive officer. Alternatively, service upon the city may be made in accordance with the state's rules for service. <u>Id</u>.  Under Georgia law, service upon a city must be made by serving the required documents upon one of the following:  the chair of the governing body, mayor, city manager, or any person designated to accept service of process.  O.C.G.A. § 9-11-4(e)(5).  Once service has been accomplished, the affidavit of the server showing the specifics of service is required to be filed with the court.  Fed.R.Civ.Pro. 4(l)(1).  No such affidavit has been filed with the Court in this action.

Service by certified mail generally does not constitute "delivery" under subsections of Rule 4. <u>See, e.g.</u>, <u>Yates v. Baldwin</u>, 633 F.3d 669, 672 (8th Cir. 2011) (holding that mail does not satisfy delivery under Rule 4(j)); <u>Peters v. United</u>

States, 9 F.3d 344, 345 (5th Cir. 1993) (holding that certified mail does not satisfy "delivery" under Rule 4(e)); Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 882 (3d Cir. 1987) (holding mailing alone does not satisfy "delivery" under Rule 4(j)). Georgia state law also requires in-person service. Camp v. Coweta County, 280 Ga. 199, 625 S.E.2d 759, 761 n.4 (2006). So certified mail, even to an authorized agent, does not satisfy Rule 4's service requirements. Thorpe v. Dumas, 788 F. App'x 644, 648 (11th Cir. 2019).

Because personal jurisdiction can only attach to Defendants City and Judge Collins following legitimate service of the summons and complaint, the Court lacks personal jurisdiction over Defendants City and Judge Collins at this time. Pardazi v. Cullman Medical Center, 896 F.2d 1313, 1317 (11th Cir. 1990). Thus, this lawsuit may not proceed and is subject to dismissal.

**II.    The Complaint fails to state a claim upon which relief may be granted.**

**A. Plaintiff's Claims regarding his drivers license.**

Plaintiff apparently is challenging the ability of the State of Georgia to require the issuance of drivers licenses. The main focus of the claims seems to be on the preemption of such requirement under Federal law.

Georgia law licenses residents of the state who wish to operate motor vehicles on the public streets and highways. O.C.G.A. § 40-5-20. An argument

4

similar to that presented by Plaintiff arose in <u>Lebrun v. State</u>, 255 Ga. 406 (1986).

In <u>Lebrun</u>, the defendant contended that the licensing requirement set forth in

O.C.G.A. § 40-5-20 infringed upon his right of locomotion, i.e., his right to travel.

As noted in <u>Lebrun</u>, the right to travel by operating a motor vehicle on the roads of

the State of Georgia is a qualified right which a citizens exercises by obtaining a

license from the State.  <u>Johnston v. State</u>, 236 Ga. 370 (1976).  Under the police

power and for the protection of the public, it is constitutionally permissible for the

state to impose reasonable conditions to qualify for a license.  <u>Dennis v. State</u>, 226

Ga. 341 (1970).  Ultimately, the Court in <u>Lebrun</u> found no constitutional violation

in the fact that the State of Georgia requires a license to operate a motor vehicle.

<u>Lebrun</u>, 255 Ga. at 406.

The right of states to regulate the use of roads and highways has been long

established.  <u>Hendrick v. Maryland</u>, 235 U.S. 610 (1915) (upholding a requirement

for the registration of vehicles and licensing of drivers); <u>Hess v. Pawloski</u>, 274

U.S. 352 (1927); <u>Reitz v. Mealey</u>, 314 U.S. 33 (1941).  In <u>Dixon v. Love</u>, 431 U.S.

105, 112–16, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977), the Supreme Court held that a

state could summarily suspend or revoke the license of a motorist who had been

repeatedly convicted of traffic offenses with due process satisfied by a full

administrative hearing available only after the suspension or revocation had taken

place. The Court conspicuously did not afford the possession of a driver's license

the weight of a fundamental right. *See also* <u>Mackey v. Montrym</u>, 443 U.S. 1, 10, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979); <u>Bell v. Burson</u>, 402 U.S. 535, 539, 542–43, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

The Circuit Courts have uniformly held that burdens on a single mode of transportation do not implicate the right to interstate travel. *See* <u>Miller v. Reed</u>, 176 F.3d 1202, 1205 (9th Cir.1999) (no fundamental "right to drive"); <u>Monarch Travel Servs., Inc. v. Associated Cultural Clubs, Inc.</u>, 466 F.2d 552, 554 (9th Cir.1972) ("A rich man can choose to drive a limousine; a poor man may have to walk. The poor man's lack of choice in his mode of travel may be unfortunate, but it is not unconstitutional."); <u>City of Houston v. FAA</u>, 679 F.2d 1184, 1198 (5th Cir.1982) ("At most, [the air carrier plaintiffs'] argument reduces to the feeble claim that passengers have a constitutional right to the most convenient form of travel. That notion, as any experienced traveler can attest, finds no support whatsoever in [the Supreme Court's right of interstate travel jurisprudence] or in the airlines' own schedules."); <u>Duncan v. Cone</u>, 2000 WL 1828089 (6th Cir.2000) ("While a fundamental right to travel exists, there is no fundamental right to drive a motor vehicle."). A legal resident of Georgia does not have a constitutional right to a driver's license. Regulation of the driving privilege is a quintessential example of the exercise of the police power of the state, and the denial of a single mode of transportation does not rise to the level of a violation of the fundamental right to

interstate travel.  John Doe No. 1 v. Georgia Dep't of Pub. Safety, 147 F. Supp. 2d 1369, 1375 (N.D. Ga. 2001).

Accordingly, the Plaintiff's assumed preemption argument, as it can be deciphered from the Complaint, fails.

**B. *Respondeat Superior* Claim against the City.**

With respect to federal civil rights claims, no *respondeat superior* liability exists.  Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691(1978).  No valid federal claim can therefore be asserted against the City, even had the officer overstepped the boundaries of his.

**C. Sovereign immunity.**

The City is protected from suit by sovereign immunity.  Ga. Const., Art. I, § II, ¶ 9; Lathrop v. Deal, 301 Ga. 408, 425 (2017); Ga. Const. Art. IX, § II, ¶ IX; O.C.G.A. § 36-33-1. Sovereign immunity is not an affirmative defense that must be established by the party seeking its protection, but rather is a privilege that is subject to waiver by the state and the waiver must be established by the party seeking to benefit from the waiver.  City of Atlanta v. Durham, 324 Ga. App. 563, 564 (2013).

**D. Judicial Immunity.**

"Judges have absolute judicial immunity from damages so long as they were

not acting in the clear absence of all jurisdiction.  <u>Sibley v. Lando</u>, 437 F. 3d 1067, 1070 (11th Cir. 2005).  There are four (4) factors to determine whether a judge is acting within the scope of his judicial immunity:  whether "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chamber or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity."  <u>Id</u>.

In this action, Plainitff alleges no action taken by Judge Collins. Rather, Plaintiff focuses on his anticipation of action of Judge Collins that will happen at some point in the future.  In either event, the actions of Judge Collins to date, and in the future, are within the scope of judicial immunity.

### E. <u>Plaintiff's Fourth Amendment Claim.</u>

Plaintiff also attempts to raise a Fourth Amendment Claim for malicious prosecution.

To establish a malicious prosecution claim under § 1983, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) violation of [his] Fourth Amendment right to be free from unreasonable seizures." Kingland v. City of Miami, 382 F. 3d 1220, 1234 (11th Cir. 2004).  Thus, in addition to the common law elements, a § 1983 plaintiff must prove that he was "seized in relation to the prosecution, in violation of [his] constitutional rights.  Id.

at 1235.  The Plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior to the time of arraignment, and was not the one that arose from malicious prosecution as opposed to false arrest.  Id. (quotation marks omitted).  For the purpose of a malicious prosecution claim, "the judicial proceeding does not begin until the party is arraigned or indicted."  Id.  Further, the normal pretrial proceedings, such as bond and a summons to appear, do not constitute a seizure, "barring some significant, ongoing deprivation of liberty."  Id. at 1236.

The Plaintiff has alleged none of the foregoing.  He has only alleged the issuance of a citation by a member of the Peachtree City Police Department.  As noted, his anticipatory claims are focused on what he believes will happen in the future, rather than actions by the City or Judge Collins that have happened.  As a result, his Fourth Amendment claim for malicious prosecution must also be dismissed.

## SUMMARY

The entire Complaint is based on the Plaintiff's belief that he does not have to have a driver's license to operate a motor vehicle in the State of Georgia. Further, the Complaint was never properly served upon the City or Judge Collins. No legitimate basis for liability against the City or Chief Judge Clay Collins having been shown, the Complaint is subject to dismissal for failure to state a

9

claim upon which relief may be granted.  Defendants City and Judge Collins

respectfully requests the Complaint be dismissed and all costs be caste upon the

Plaintiff.

This 5th day of August, 2020.

ATTORNEYS FOR DEFENDANTS
PEACHTREE CITY AND
CHIEF JUDGE CLAY COLLINS

/s/ Theodore P. Meeker, III
THEODORE P. MEEKER, III
Georgia Bar No. 500807

SUMNER MEEKER, LLC
14 E. Broad Street
Newnan, Georgia 30263
(770) 251-1750
tmeeker@numail.org

## <u>ATTORNEY'S CERTIFICATION OF TYPE COMPLIANCE</u>

I certify that the foregoing Memorandum of Law in Support of Motion to

Dismiss was prepared in Times New Roman typeface, 14 point type size in

accordance with LR5.1B, N.D.Ga.

This 5th day of August, 2020.

> ATTORNEYS FOR DEFENDANTS
> PEACHTREE CITY AND
> CHIEF JUDGE CLAY COLLINS
>
> /s/ Theodore P. Meeker, III
> THEODORE P. MEEKER, III
> Georgia Bar No. 500807

SUMNER MEEKER, LLC
14 E. Broad Street
Newnan, Georgia 30263
(770) 251-1750
tmeeker@numail.org

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| RANDY CURTIS GARVICH, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 3:20-CV-122 |
| v. | ) | |
| | ) | |
| State of Georgia, City of Peachtree City, | ) | |
| Chief Judge Clay Collins, Fayette | ) | |
| County, State Court of Fayette County | ) | |
| Judge Jason B. Thompson, Prosecutor | ) | |
| Joseph Myers, Clerk of Court Sheila | ) | |
| Studdard, Deputy Sheriff Kevin Zaj, | ) | |
| Deputy Sheriff Thomas Mindar, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 5, 2020, I electronically filed the

Memorandum of Law in Support of Motion to Dismiss with the Clerk of Court

using CM/ECF system, and that I have mailed by United States Postal Service the

Motion to Dismiss to the following non CM/ECF participants:

Randy Curtis Garvich
Post Office Box 485
Griffin, GA 30224

This 5ᵗʰ day of August, 2020.

ATTORNEYS FOR DEFENDANTS
PEACHTREE CITY AND
CHIEF JUDGE CLAY COLLINS

/s/ Theodore P. Meeker, III
THEODORE P. MEEKER, III
Georgia Bar No. 500807

SUMNER MEEKER, LLC
14 E. Broad Street
Newnan, Georgia 30263
(770) 251-1750
tmeeker@numail.org